IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| IN RE:<br><br>DOUGLAS KYUN LEE,<br><br>    Debtors. | )<br>)<br>)   **17-12613-LSS**<br>)   **Chapter 7**<br>)<br>)<br>) |
| WELLS FARGO BANK, N.A.,<br><br>    Movant<br><br>vs.<br><br>JANET M. NESSE, Chapter 7 Trustee/<br>Respondent<br><br>and<br><br>DOUGLAS KYUN LEE,<br><br>Debtor/ Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**
(9433 Copenhaver Drive, Potomac, MD 20854)

Janet M. Nesse, the Chapter 7 Trustee (the "Trustee") for Douglas Kyun Lee (the "Debtor") the debtor in the above-captioned case, files this opposition to the *Motion for Relief from the Automatic Stay* (the "Motion," Docket No. 47) filed by Wells Fargo Bank, N.A. ("Movant"), seeking relief from stay with respect to the real property located at 9433 Copenhaver Drive, Potomac, MD 20854 (the "Property"), and, with respect to each paragraph of the Motion, states as follows:

    1.    The allegations of paragraph 1 of the Motion are affirmed.

2. The allegations of paragraph 2 of the Motion are affirmed.

3. The Trustee lacks sufficient information to respond to the allegations of paragraph 3 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

4. The Trustee lacks sufficient information to respond to the allegations of paragraph 4 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

5. The Trustee lacks sufficient information to respond to the allegations of paragraph 5 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

6. The Trustee lacks sufficient information to respond to the allegations of paragraph 6 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

7. The Trustee lacks sufficient information to respond to the allegations of paragraph 7 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

8. The Trustee lacks sufficient information to respond to the allegations of paragraph 8 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

9. The Trustee lacks sufficient information to respond to the allegations of paragraph 9 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

10. The Trustee admits that a declaration is attached to the Motion as Exhibit D but lacks sufficient information to respond to the statements in the Declaration, and therefore the Trustee denies the statements in the Declaration, and demands strict proof thereof.

11. The Trustee lacks sufficient information to respond to the allegations of paragraph 11 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 12 are denied.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 13 are denied.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 14 are denied.

15. The Trustee lacks sufficient information to respond to the allegations of paragraph 15 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

16. The Trustee lacks sufficient information to respond to the allegations of paragraph 16 of the Motion, and therefore the Trustee denies the same, and demands strict proof thereof.

17. No response is required to paragraph 17.

WHEREFORE, the Trustee requests that the (i) Motion be denied; or (ii) the Court enter an order allowing the Trustee an appropriate amount of time to sell the Property, and that the Court grant such other relief as it deems appropriate and proper.

Dated: June 21, 2018                     Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse, Esq (MDB # 07804)
Justin P. Fasano, Esq. (MDB # 28659)
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Tel: (301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Attorneys for Janet N., Chapter 7 Trustee for Douglas K. Lee*

3

**CERTIFICATE OF SERVICE**

I certify that on June 21, 2018 , a copy of the foregoing *Opposition to Motion for Relief from the Automatic Stay* was served by CM/ECF, to all parties receiving notice thereby, which includes the following attorneys:

Mark S. Devan bankruptcy@albalawgroup.com

Nikita Rajendra Joshi Nikita.Joshi@bww-law.com, bankruptcy@bww-law.com

Weon G. Kim JKKCHADOL99@GMAIL.COM, Attorneygrace4u@gmail.com

Angela Nasuta anasuta@albalawgroup.com, bankruptcy@albalawgroup.com

/s/ Justin P. Fasano
Justin P. Fasano